SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
Assistant United States Attorney

DENNIS M. WONG (CSBN 173951)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (925)803-4760
    FAX: (415) 436-6748
    Email: dwong@bop.gov

Attorneys for Federal Respondent

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANICE CHAVEZ, | No. C-07-3938-WHA |
|     Petitioner, | E-FILING CASE |
| v. | DECLARATION OF CECILIA BURKS |
| SCHELIA A. CLARK, Warden, | |
|     Respondent. | |

Declaration of Cecilia Burks
*Chavez v. Clark,* C07-3938-WHA      1

I, Cecilia Burks, do declare and state the following:

1.      I am the Correctional Programs Secretary and Administrative Remedy Clerk employed by the Federal Bureau of Prisons ("BOP"), in the Correctional Programs Department.  I have held the Correctional Program Secretary position since November of 2001, and Administrative Remedy Clerk position since April 2006.  As part of my duties, I am familiar with the records compiled by the BOP and have access thereto.  I am trained and have access to various BOP databases, including those dealing with administrative remedies.

2.      The Administrative Remedy Program is a system by which inmates can complain about almost any aspect of their confinement. Procedural guidelines are spelled out in BOP policy, Program Statement 1330.13, <u>Administrative Remedy Program</u>, which is available at www.bop.gov and in all BOP inmate law libraries, and a copy of which is attached as Exhibit 1. The procedure requires that the inmate first present his complaint to the institution staff (BP-9's). The Warden of that institution then responds to the BP-9.  If dissatisfied with the response at that level, the inmate may appeal his complaint to the Regional Director (BP-10's).  The Regional Director then responds to the inmate's BP-10.  If dissatisfied with the Regional Director's response, the inmate may finally appeal to the General Counsel's Office in the Central Office of the BOP (BP-11's).  The National Inmate Appeals Administrator responds to the inmate's BP-11. An inmate has not exhausted his administrative remedies until he has filed his complaint at all three levels and has been denied at all three levels.  *See* 28 C.F.R. § 542.10 *et seq*.

3.      I have personally reviewed the Administrative Remedy logs ("logs") maintained on the SENTRY Computer system.  This is a national database which includes all administrative grievance filings made by inmates incarcerated in BOP facilities.

4.      My review of the logs shows that during her incarceration with the BOP, inmate Janice Chavez, Register No. 02742-298, has not filed any request for administrative remedy at any level on any issue.  A true and correct copy of the administrative remedy logs for inmate Aragon is attached as Exhibit 2.

I declare under the penalty of perjury, pursuant to Title 28, United States Code, Section 1746, that the foregoing is true and correct to the best of my information, knowledge and belief. Executed this 25 day of September, 2007, at Dublin, California.


Cecilia Burks
Administrative Remedy Clerk

# Exhibit 1

Program Statement 1330.13, <u>Administrative Remedy Program</u>



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

Reformatted to renumber pages and remove CN notations from chapters 4/2/07.

**OPI:** OGC
**NUMBER:** 1330.13
**DATE:** 8/13/2002
**SUBJECT:** Administrative Remedy Program

**RULES EFFECTIVE DATE:** 8/6/2002

1. [<u>PURPOSE AND SCOPE</u> §542.10

a. <u>Purpose</u>. The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement. An inmate may not submit a Request or Appeal on behalf of another inmate.

b. <u>Scope</u>. This Program applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates for issues that arose during their confinement. This Program does not apply to inmates confined in other non-federal facilities.]

The president of a recognized inmate organization may submit a request on behalf of that organization regarding an issue that specifically affects that organization.

[c. <u>Statutorily-mandated Procedures</u>. There are statutorily-mandated procedures in place for Tort claims (28 CFR 543, subpart C), Inmate Accident Compensation claims (28 CFR 301), and Freedom of Information Act or Privacy Act requests (28 CFR 513, subpart D). If an inmate raises an issue in a request or appeal that cannot be resolved through the Administrative Remedy Program, the Bureau will refer the inmate to the appropriate statutorily-mandated procedures.]

2. **PROGRAM OBJECTIVES.** The expected results of this program are:

a. A procedure will be available by which inmates will be able to have any issue related to their incarceration formally reviewed by high-level Bureau officials.

b.  Each request, including appeals, will be responded to within the time frames allowed.

c.  A record of Inmate Administrative Remedy Requests and Appeals will be maintained.

d.  Bureau policies will be more correctly interpreted and applied by staff.

3.  **DIRECTIVES AFFECTED**

a.  **Directive Rescinded**

PS 1330.11    Administrative Remedy Procedure for Inmates (10/29/93)

b.  **Directives Referenced**

PS 1320.05    Claims Under the Federal Tort Claims Act (6/28/00)
PS 4500.04    Trust Fund Manual (12/15/95)
PS 5212.07    Control Unit Programs (02/20/01)
PS 5214.04    HIV, Handling of Inmates Testing Positive (2/4/98)
PS 5264.06    Telephone Regulations for Inmates (12/22/95)
PS 5270.07    Inmate Discipline and Special Housing Units (12/29/87)
PS 5890.13    SENTRY-National On-Line Automated Information System (12/14/99)

28 CFR 301    Inmate Accident Compensation
28 CFR 16.10  Fees (for records requested pursuant to the Freedom of Information Act (FOIA))

c.  Rules cited in this Program Statement are contained in 28 CFR 542.10 through 542.19.

4.  **STANDARDS REFERENCED**

a.  American Correctional Association 3rd Edition Standards for Adult Correctional Institutions:  3-4236 and 3-4271

b.  American Correctional Association 3rd Edition Standards for Adult Local Detention Facilities:  3-ALDF-3C-22, and 3-ALDF-3E-11

5.  **[RESPONSIBILITY §542.11**

a.  **The Community Corrections Manager (CCM), Warden, Regional Director, and General Counsel are responsible for the implementation and operation of the Administrative Remedy Program**

P.S. 1330.13
December 22, 1995
Page 3

at the Community Corrections Center (CCC), institution, regional
and Central Office levels, respectively, and shall:

(1)  Establish procedures for receiving, recording,
reviewing, investigating and responding to Administrative Remedy
Requests (Requests) or Appeals (Appeals) submitted by an inmate;]

See Section 13 for further information on remedy processing,
including use of SENTRY.

[(2)  Acknowledge receipt of a Request or Appeal by
returning a receipt to the inmate;]

The receipt is generated via SENTRY.

[(3)  Conduct an investigation into each Request or Appeal;

(4)  Respond to and sign all Requests or Appeals filed at
their levels.  At the regional level, signatory authority may be
delegated to the Deputy Regional Director.  At the Central Office
level, signatory authority may be delegated to the National
Inmate Appeals Administrator.  Signatory authority extends to
staff designated as acting in the capacities specified in this
§542.11, but may not be further delegated without the written
approval of the General Counsel.]

§ 542.11 refers to Section 5 of this Program Statement.

For purposes of this Program Statement, the term
"institution" includes Community Corrections Centers (CCCs); the
term "Warden" includes Camp Superintendents and Community
Corrections Managers (CCMs) for Requests filed by CCC inmates;
and the term "inmate" includes a former inmate who is entitled to
use this program.

(5)  The Warden shall appoint one staff member, ordinarily
above the department head level, as the Administrative Remedy
Coordinator (Coordinator) and one person to serve as
Administrative Remedy Clerk (Clerk).  The Regional Director and
the National Inmate Appeals Administrator, Office of General
Counsel, shall be advised of these appointees and any subsequent
changes.

To coordinate the regional office program, each Regional
Director shall also appoint an Administrative Remedy Coordinator
of at least the Regional Administrator level, ordinarily the
Regional Counsel, and an Administrative Remedy Clerk.  The
National Inmate Appeals Administrator, Office of General Counsel,
shall be advised of these appointees and any subsequent changes.

(6)  The Administrative Remedy Coordinator shall monitor the
program's operation at the Coordinator's location and shall
ensure that appropriate staff (e,g., Clerk, unit staff) have the

knowledge needed to operate the procedure.  The Coordinator is responsible for signing any rejection notices and ensuring the accuracy of SENTRY entries, e.g., abstracts, subject codes, status codes, and dates.  The Coordinator also shall serve as the primary point of contact for the Warden or Regional Director in discussions of Administrative Remedies appealed to higher levels.

(7)  The Administrative Remedy Clerk shall be responsible for all clerical processing of Administrative Remedies, for accurately maintaining the SENTRY index, and for generating SENTRY inmate notices.

(8)  The Unit Manager is responsible for ensuring that inmate notices (receipts, extension notices, and receipt disregard notices from institutions, regions and the Central Office) are printed and delivered daily for inmates in their units and for deleting those notices from SENTRY promptly after delivery to the inmate.  CCMs are responsible for this function for inmates under their supervision.

**[b.  Inmates have the responsibility to use this Program in good faith and in an honest and straightforward manner.]**

6.  **RESERVED**

7.  **[INFORMAL RESOLUTION §542.13**

**a.  Informal Resolution.  Except as provided in §542.13(b), an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy. Each warden shall establish procedures to allow for the informal resolution of inmate complaints.]**

The Warden is responsible for ensuring that effective informal resolution procedures are in place and that good faith attempts at informal resolution are made in an orderly and timely manner by both inmates and staff.  These procedures may not operate to limit inmate access to formal filing of a Request.

**[b.  Exceptions.  Inmates in CCCs are not required to attempt informal resolution.  An informal resolution attempt is not required prior to submission to the regional or Central Office as provided for in §542.14(d) of this part.  An informal resolution attempt may be waived in individual cases at the Warden or institution Administrative Remedy Coordinator's discretion when the inmate demonstrates an acceptable reason for bypassing informal resolution.]**

For example, the Warden may waive informal resolution for Unit Discipline Committee (UDC) appeals, or when informal resolution is deemed inappropriate due to the issue's sensitivity.

P.S. 1330.13
December 22, 1995
Page 5

Although not mandatory, inmates may attempt informal resolution of DHO decisions. See the Program Statement on Inmate Discipline and Special Housing Units.

8. **[INITIAL FILING.** §542.14

   a. <u>Submission</u>. **The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred.]**

   In accord with the settlement in <u>Washington v. Reno</u>, and for such period of time as this settlement remains in effect, the deadline for completing informal resolution and submitting a formal written Administrative Remedy Request, on the appropriate form (BP-9), for a disputed telephone charge, credit, or telephone service problem for which the inmate requests reimbursement to his/her telephone account, is 120 days from the date of the disputed telephone charge, credit, or telephone service problem.

   Administrative Remedy Requests concerning telephone issues that do not involve billing disputes or requests for refunds for telephone service problems (such as Administrative Remedy Requests concerning telephone privileges, telephone lists, or telephone access) are governed by the 20-day filing deadline.

   **[b.  <u>Extension</u>.  Where the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed.  In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame.  Valid reasons for delay include the following:  an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal;  an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal;  an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions requested under §542.19 of this part was delayed.]**

   Ordinarily, the inmate should submit written verification from staff for any claimed reason for delay.

   If an inmate requests an Administrative Remedy form but has not attempted informal resolution, staff should counsel the inmate that informal resolution is ordinarily required.  If the inmate nevertheless refuses to present a request informally, staff should provide the form for a formal Request.  Upon receipt of the inmate's submission, the Coordinator shall accept the Request if, in the Coordinator's discretion, informal resolution was

P.S. 1330.13
December 22, 1995
Page 6

bypassed for valid reasons, or may reject it if there are no valid reasons for bypassing informal resolution.

[c.  **Form**

     **(1)  The inmate shall obtain the appropriate form from CCC staff or institution staff (ordinarily, the correctional counselor).]**

     The following forms are appropriate:

     ♦  Request for Administrative Remedy, Form BP-9, is appropriate for filing at the institution;
     ♦  Regional Administrative Remedy Appeal, Form BP-10, is appropriate for submitting an appeal to the regional office;
     ♦  Central Office Administrative Remedy Appeal, Form BP-11, is appropriate for submitting an appeal to the Central Office.

     **[(2)  The inmate shall place a single complaint or a reasonable number of closely related issues on the form.  If the inmate includes on a single form multiple unrelated issues, the submission shall be rejected and returned without response, and the inmate shall be advised to use a separate form for each unrelated issue.  For DHO and UDC appeals, each separate incident report number must be appealed on a separate form.]**

     Placing a single issue or closely related issues on a single form facilitates indexing, and promotes efficient, timely and comprehensive attention to the issues raised.

     **[(3)  The inmate shall complete the form with all requested identifying information and shall state the complaint in the space provided on the form.  If more space is needed, the inmate may use up to one letter-size (8 1/2" by 11") continuation page. The inmate must provide an additional copy of any continuation page.  The inmate must submit one copy of supporting exhibits. Exhibits will not be returned with the response.  Because copies of exhibits must be filed for any appeal (see § 542.15 (b) (3)), the inmate is encouraged to retain a copy of all exhibits for his or her personal records.**

     **(4)  The inmate shall date and sign the Request and submit it to the institution staff member designated to receive such Requests (ordinarily a correctional counselor).  CCC inmates may mail their Requests to the CCM.]**

     The correctional counselor shall submit the form promptly (ordinarily not later than the next business day) to the Clerk for processing.

P.S. 1330.13
December 22, 1995
Page 7

[d.  <u>Exceptions to Initial Filing at Institution</u>

(1)  <u>Sensitive Issues</u>.  If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director.  The inmate shall clearly mark "Sensitive" upon the Request and explain, in writing, the reason for not submitting the Request at the institution.  If the Regional Administrative Remedy Coordinator agrees that the Request is sensitive, the Request shall be accepted.  Otherwise, the Request will not be accepted, and the inmate shall be advised in writing of that determination, without a return of the Request.  The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden.  The Warden shall allow a reasonable extension of time for such a resubmission.

(2)  <u>DHO Appeals</u>.  DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located.]

See the Program Statement on Inmate Discipline and Special Housing Units.

[(3)  <u>Control Unit Appeals</u>.  Appeals related to Executive Panel Reviews of Control Unit placement shall be submitted directly to the General Counsel.]

See the Program Statement on Control Unit Programs.

[(4)  <u>Controlled Housing Status Appeals</u>.  Appeals related to the Regional Director's review of controlled housing status placement may be filed directly with the General Counsel.]

See the Program Statement on Procedures for Handling HIV Positive Inmates Who Pose Danger to Others.

9.  [<u>APPEALS</u> § 542.15

a.  <u>Submission</u>.  An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.  An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response.  When the inmate demonstrates a valid reason for delay, these time limits may be extended.  Valid reasons for delay include those situations described in §542.14(b) of this part.  Appeal to the General Counsel is the final administrative appeal.]

P.S. 1330.13
December 22, 1995
Page 8

These deadlines specify the date of the Appeal's receipt in the
regional office or the Central Office.  The deadlines have been
made deliberately long to allow sufficient mail time.  Inmates
should mail their Appeals promptly after receiving a response to
ensure timely receipt.  Ordinarily, the inmate must submit
written verification from institution staff for any reason for
delay that cannot be verified through SENTRY.

In many cases, courts require a proper Appeal to the General
Counsel before an inmate may pursue the complaint in court.

   [b. <u>Form</u>

     (1)  Appeals to the Regional Director shall be submitted on
the form designed for regional Appeals (BP-10) and accompanied by
one complete copy or duplicate original of the institution
Request and response.  Appeals to the General Counsel shall be
submitted on the form designed for Central Office Appeals (BP-11)
and accompanied by one complete copy or duplicate original of the
institution and regional filings and their responses.  Appeals
shall state specifically the reason for appeal.

     (2)  An inmate may not raise in an Appeal issues not raised
in the lower level filings.  An inmate may not combine Appeals of
separate lower level responses (different case numbers) into a
single Appeal.

     (3)  An inmate shall complete the appropriate form with all
requested identifying information and shall state the reasons for
the Appeal in the space provided on the form.  If more space is
needed, the inmate may use up to one letter-size (8 1/2" x 11")
continuation page.  The inmate shall provide two additional
copies of any continuation page and exhibits with the regional
Appeal, and three additional copies with an Appeal to the Central
Office (the inmate is also to provide copies of exhibits used at
the prior level(s) of appeal).  The inmate shall date and sign
the Appeal and mail it to the appropriate Regional Director, if a
Regional Appeal, or to the National Inmate Appeals Administrator,
Office of General Counsel, if a Central Office Appeal (see 28 CFR
part 503 for addresses of the Central Office and Regional
Offices).]

   c.  <u>Processing</u>.  The appropriate regional office to process the
Appeal is the regional office for the institution where the
inmate is confined at the time of mailing the Appeal, regardless
of the institution that responded to the institution filing.

10.  [<u>ASSISTANCE</u> §542.16

   a.  An inmate may obtain assistance from another inmate or from
institution staff in preparing a Request or an Appeal.  An inmate
may also obtain assistance from outside sources, such as family
members or attorneys.  However, no person may submit a Request or

P.S. 1330.13
December 22, 1995
Page 9

Appeal on the inmate's behalf, and obtaining assistance will not be considered a valid reason for exceeding a time limit for submission unless the delay was caused by staff.

**b.  Wardens shall ensure that assistance is available for inmates who are illiterate, disabled, or who are not functionally literate in English.  Such assistance includes provision of reasonable accommodation in order for an inmate with a disability to prepare and process a Request or an Appeal.]**

For example, Wardens must ensure that staff (ordinarily unit staff) provide assistance in the preparation or submission of an Administrative Remedy or an Appeal upon being contacted by such inmates that they are experiencing a problem.

11.  **[RESUBMISSION §542.17**

**a.  Rejections.  The Coordinator at any level (CCM, institution, region, Central Office) may reject and return to the inmate without response a Request or an Appeal that is written by an inmate in a manner that is obscene or abusive, or does not meet any other requirement of this part.**

**b.  Notice.  When a submission is rejected, the inmate shall be provided a written notice, signed by the Administrative Remedy Coordinator, explaining the reason for rejection.  If the defect on which the rejection is based is correctable, the notice shall inform the inmate of a reasonable time extension within which to correct the defect and resubmit the Request or Appeal.]**

(1)  Sensitive Submissions.  Submissions for inmate claims which are too sensitive to be made known at the institution are not to be returned to the inmate.  Only a rejection notice will be provided to the inmate.  However, other rejected submissions ordinarily will be returned to the inmate with the rejection notice.

(2)  Defects.  Defects such as failure to sign a submission, failure to submit the required copies of a Request, Appeal, or attachments, or failure to enclose the required single copy of lower level submissions are examples of correctable defects. Ordinarily, five calendar days from the date of the notice to the inmate is reasonable for resubmission at the institution level; at least 10 calendar days at the CCM or regional offices; and 15 calendar days at the Central Office.

(3)  Criteria for Rejection.  When deciding whether to reject a submission, Coordinators, especially at the institution level, should be flexible, keeping in mind that major purposes of this Program are to solve problems and be responsive to issues inmates raise.  Thus, for example, consideration should be given to accepting a Request or Appeal that raises a sensitive or problematic issue, such as medical treatment, sentence

P.S. 1330.13
December 22, 1995
Page 10

computation, staff misconduct, even though that submission may be
somewhat untimely.

[c.  **Appeal of Rejections**.  When a Request or Appeal is
rejected and the inmate is not given an opportunity to correct
the defect and resubmit, the inmate may appeal the rejection,
including a rejection on the basis of an exception as described
in §542.14 (d), to the next appeal level.  The Coordinator at
that level may affirm the rejection, may direct that the
submission be accepted at the lower level (either upon the
inmate's resubmission or direct return to that lower level), or
may accept the submission for filing.  The inmate shall be
informed of the decision by delivery of either a receipt or
rejection notice.]

12.  [**RESPONSE TIME**  §542.18.  If accepted, a Request or Appeal
is considered filed on the date it is logged into the
Administrative Remedy Index as received.  Once filed, response
shall be made by the Warden or CCM within 20 calendar days; by
the Regional Director within 30 calendar days; and by the General
Counsel within 40 calendar days.  If the Request is determined to
be of an emergency nature which threatens the inmate's
immediate health or welfare, the Warden shall respond not later
than the third calendar day after filing.  If the time period for
response to a Request or Appeal is insufficient to make an
appropriate decision, the time for response may be extended once
by 20 days at the institution level, 30 days at the regional
level, or 20 days at the Central Office level. Staff shall inform
the inmate of this extension in writing.  Staff shall
respond in writing to all filed Requests or Appeals.  If the
inmate does not receive a response within the time allotted for
reply, including extension, the inmate may consider the absence
of a response to be a denial at that level.]

The date a Request or an Appeal is received in the Administrative
Remedy index is entered into SENTRY as the "Date Rcv", and should
be the date it is first received and date-stamped in the
Administrative Remedy Clerk's office.  Notice of extension
ordinarily is made via SENTRY notice.

13.  REMEDY PROCESSING

a.  Receipt. Upon receiving a Request or Appeal, the
Administrative Remedy Clerk shall stamp the form with the date
received, log it into the SENTRY index as received on that date,
and write the "Remedy ID" as assigned by SENTRY on the form.
Once a submission is entered into the system, any subsequent
submissions or appeals of that case shall be entered into SENTRY
using the same Case Number.  The "Case Number" is the
purely numerical part of the "Remedy ID" which precedes the
hyphen and "Submission ID."

P.S. 1330.13
December 22, 1995
Page 11

All submissions received by the Clerk, whether accepted or
rejected, shall be entered into SENTRY in accordance with the
SENTRY Administrative Remedy Technical Reference Manual.

Sensitive issues, when the inmate claims that his or her safety
or well-being would be placed in danger if it became known at the
institution that the inmate was pursuing the issue, should be
withheld from logging in until answered and/or should be logged
into SENTRY with sufficient vagueness as to subject code and
abstract to accommodate the inmate's concerns.

 A Request should be submitted and logged in at the institution
where the inmate is housed at the time the inmate gives the
Request to the counselor or other appropriate staff member.  If
the event(s) occurred at a previous institution, staff at that
previous institution shall provide, promptly upon request, any
investigation or other assistance needed by the institution
answering the Request.  If an inmate is transferred after
giving the Request to a staff member, but before that Request is
logged in or answered, the institution where the Request was
first given to a staff member remains responsible for logging and
responding to that Request.

b.  <u>Investigation and Response Preparation</u>.  The Clerk or
Coordinator shall assign each filed Request or Appeal for
investigation and response preparation.  Matters in which
specific staff involvement is alleged may not be investigated by
either staff alleged to be involved or by staff under their
supervision.

Allegations of physical abuse by staff shall be referred to the
Office of Internal Affairs (OIA) in accordance with procedures
established for such referrals.  Where appropriate, e.g., when
OIA or another agency is assuming primary responsibility for
investigating the allegations, the response to the Request or
Appeal may be an interim response and need not be delayed pending
the outcome of the other investigation.

Requests or Appeals shall be investigated thoroughly, and all
relevant information developed in the investigation shall
ordinarily be supported by written documents or notes of the
investigator's findings.  Notes should be sufficiently detailed
to show the name, title, and location of the information
provided, the date the information was provided, and a
full description of the information provided.  Such documents and
notes shall be retained with the case file copy.  When deemed
necessary in the investigator's discretion, the investigator may
request a written statement from another staff member regarding
matters raised in the Request or Appeal.  Requested staff shall
provide such statements promptly.  For a disciplinary Appeal, a
complete copy of the appealed disciplinary actions record shall
be maintained with the Appeal file copy.

P.S. 1330.13
December 22, 1995
Page 12

c.  Responses.  Responses ordinarily shall be on the form
designed for that purpose, and shall state the decision reached
and the reasons for the decision.  The first sentence or two of a
response shall be a brief abstract of the inmate's Request or
Appeal, from which the SENTRY abstract should be drawn.  This
abstract should be complete, but as brief as possible.  The
remainder of the response should answer completely the Request or
Appeal, be accurate and factual, and contain no extraneous
information.  The response should be written to be released to
any inmate and the general public under the Freedom of
Information Act (FOIA) and the Privacy Act.  Inmate names shall
not be used in responses, and staff and other names may not be
used unless absolutely essential.

Program Statements, Operations Memoranda, regulations, and
statutes shall be referred to in responses whenever applicable,
including section numbers on which the response relies.

d.  Response Time Limits.  Responses shall be made as required
in Section 11 of this Program Statement.

e.  Index Completion.  When a response is completed, the Clerk
shall update SENTRY in accordance with the SENTRY Administrative
Remedy Manual and the instructions in Attachment A.  Particular
attention should be paid to updating the status date, code, and
reason, and to making any changes to the subject code and
abstract indicated by the Coordinator or by the response drafter.
The abstract shall be taken from the response's first paragraph.
Abbreviations may be liberally used, as long as they are easily
understood, to allow as complete a description of the issue in
the 50 characters allotted.  For consistency, the Administrative
Remedy Coordinator shall approve the closing entry, including the
subject codes, status code and reason, and abstract before the
closing entry is made by the Clerk.

f.  Response Distribution.  For an institution response, one
copy of the complete Request and response shall be maintained in
the Warden's Administrative Remedy File together with all
supporting material.  Three copies shall be returned to the
inmate.  An inmate who subsequently appeals to the regional or
Central Office shall submit one copy with each appeal.

One copy of a Regional Appeal and response shall be retained at
the regional office.  One copy shall be sent to the Warden at the
original filing location.  The remaining two copies shall be
returned to the inmate; one to submit in case of subsequent
appeal to the Central Office, and one to retain.

One copy of a Central Office Appeal and response will be
returned to the inmate.  One copy will be retained in the Central
Office Administrative Remedy File, one copy will be forwarded to
the regional office where the Regional Appeal was answered, and

P.S. 1330.13
December 22, 1995
Page 13

one to the Warden's Administrative Remedy File at the original
filing location.

    g.  <u>File Maintenance</u>.  The Warden's Administrative Remedy File
and Administrative Remedy Files at the Regional Offices and
Central Office shall be maintained in a manner that assures case
files are readily accessible to respond to inquiries from Federal
Bureau of Prison staff, inmates and the public.  Institutions
shall file Regional and Central Office response copies with the
inmate's institution submission copy.  Regional offices shall
file copies of Central Office responses with the inmate's
Regional Appeal file.  Each location shall maintain copies of
supporting material and investigation notes with the case file.

    When a Regional or Central Office Appeal was not preceded by a
lower level filing, the institution and regional copies shall be
filed at the institution and region having responsibility for the
inmate at the time of response.

    To provide information and feedback, Wardens and Regional
Directors are encouraged to route response file copies from
subsequent appeal levels to the Coordinator and the appropriate
department head or person who investigated and drafted the
response at their respective levels.

14.  **[<u>ACCESS TO INDEXES AND RESPONSES</u> §542.19.  Inmates and
members of the public may request access to Administrative Remedy
indexes and responses, for which inmate names and Register
Numbers have been removed, as indicated below.  Each institution
shall make available its index, and the indexes of its regional
office and the Central Office.  Each regional office shall make
available its index, the indexes of all institutions in its
region, and the index of the Central Office.  The Central Office
shall make available its index and the indexes of all
institutions and regional offices.  Responses may be requested
from the location where they are maintained and must be
identified by Remedy ID number as indicated on an index.  Copies
of indexes or responses may be inspected during regular office
hours at the locations indicated above, or may be purchased in
accordance with the regular fees established for copies furnished
under the Freedom of Information Act (FOIA).]**

At present, fees are detailed in 28 CFR § 16.10, which specifies
a charge of $.10 per page duplicated and no charge for the first
100 pages.  Staff shall forward funds received for purchase of
index and response copies to the FOIA/Privacy Act Section, Office
of General Counsel, Central Office.

Any location may produce its index or that of another location by
making the appropriate entries on a SENTRY retrieval transaction,
and specifying the "SAN" (sanitized) output format.

P.S. 1330.13
December 22, 1995
Page 14

15.  <u>RECORDS MAINTENANCE AND DISPOSAL</u>

   a.  <u>Disposal Authority</u>.  The authority for Administrative
Remedy records disposal is the "job number" NC1-129-83-7 provided
by the National Archives.

   b.  <u>Administrative Remedy Indexes</u>.  SENTRY Administrative
Remedy indexes shall be maintained in computer accessible form
for 20 years, then destroyed.  Pre-SENTRY indexes shall be
maintained at the site of creation for 20 years, then destroyed.

   c.  <u>Administrative Remedy Case Files</u>.  Administrative Remedy
Case Files shall be destroyed three full years after the year in
which the cases were completed (i.e., response completed).  For
cases submitted since implementation of the SENTRY module (July
1990), at the end of each calendar year (beginning at end of
1993), run SENTRY index retrieval transactions to identify the
lowest case number for cases <u>answered</u> (status = cl* and status
date in the appropriate range) during the calendar year ended
three years previously.  Cases below that number must be
destroyed.  Thus, cases answered in 1990 would be destroyed at
the end of 1993; cases answered in 1991 would be destroyed at the
end of 1994, etc.

   To identify the lowest case number for cases answered during a
given year, it may be necessary to check indexes with "Date
Received" in the year in question as well as those with "Date
Received" in the previous year.

   Cases maintained under the pre-SENTRY numbering and filing
system should be destroyed according to the following schedule:

| YEAR OF CASE # | DESTROY AT END OF |
|----------------|-------------------|
| 94 | 1998 |
| 95 | 1999 |
| 96 | 2000 |
| 97 | 2001 |

16.  <u>INSTITUTION SUPPLEMENT</u>.  Each Warden shall forward a copy of
any Institution Supplement developed to implement this Program
Statement to the Regional Administrative Remedy Coordinator and
to the National Inmate Appeals Administrator in the Central
Office.


                              \s\
                              Kathleen M. Hawk
                              Director

# Exhibit 2

Administrative Remedy Logs for inmate Janice Chavez

```
WXR16        *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      09-26-2007
PAGE 001 OF 001                                                  08:13:39
       FUNCTION: LST SCOPE: REG   EQ 02742-298   OUTPUT FORMAT: SINGLE_____
       -------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW---------
DT RCV: FROM ____    THRU _____    DT STS: FROM ____    THRU_____
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS: _____ _____ _____ _____ _____ _____ _____
EXTENDED: _ REMEDY LEVEL: _ _        RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ _____      ___      ____      ____      ____      ____
TRACK:  DEPT: _____    ___      ____      ____      ____      ____
        PERSON: ___      ___      ____      ____      ____      ____
          TYPE: ___      ___      ____      ____      ____      ____
EVNT FACL: EQ ____      ___      ____      ____      ____      ____
RCV FACL.: EQ ____      ___      ____      ____      ____      ____
RCV UN/LC: EQ ____      ___      ____      ____      ____      ____
RCV QTR..: EQ _____   _____   _____   _____   _____   _____
ORIG FACL: EQ ____      ___      ____      ____      ____      ____
ORG UN/LC: EQ _____   ____      ____      ____      ____      ____
ORIG QTR.: EQ _____   _____   _____   _____   _____   _____


G5152      NO REMEDY DATA EXISTS FOR THIS INMATE
```